UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAUL LEE, | ) | CASE NO. 4:09 CV 183 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FEDERAL BUREAU OF PRISONS, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Pro se plaintiff Paul Lee filed the above-captioned action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §2671, against the Federal Bureau of Prisons. In the complaint, plaintiff alleges that BOP prison medical personnel were negligent in maintaining his file, resulting in injury to him. He seeks monetary damages.

### Background

Mr. Lee claims he was given a bottom bunk restriction in 2001. He was handed a card with this information on it. He indicates he did not have to use the card because he was already assigned to a bottom bunk. In 2008, he was temporarily assigned to the segregation unit for a conduct infraction. Thereafter, he was assigned to a top bunk. He tried to find his card, but it had been lost long ago. He indicates his prison medical file did not contain a copy of the order issuing

the card to him. He claims the medical staff was negligent in maintaining documentation in his file. Mr. Lee sprained his ankle when he stepped down from the top bunk.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Mr. Lee contends the medical staff failed to maintain his medical file because it showed no sign of a bottom bunk restriction. To maintain an action for negligence in Ohio, a plaintiff has the burden of establishing by a preponderance of the evidence that: (1) the defendant owed plaintiff a duty of care; (2) a breach of that duty; and (3) injury proximately caused by the breach. Menifee v. Ohio Welding Products, Inc, 15 Ohio St.3d 75, 77 (1984). In this case, Mr. Lee was issued a bottom bunk restriction in 2001 because he was recovering from hip replacement surgery. He was moved to the segregation unit in 2008 and assigned a top bunk. He could not produce his restriction information and the prison medical staff indicated his 2001 restriction

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

expired. Medical restrictions are reviewed every six months by the medical board. Long term restrictions are not valid. Medical personnel did not breach a duty to Mr. Lee by failing to maintain an expired restriction in his file.

Moreover, there is no suggestion that Mr. Lee's sprained ankle is in some way related to a medical requirement for a bottom bunk. His restriction was issued because he was recovering from hip replacement surgery. He indicates he twisted his ankle stepping down from his top bunk. There is no suggestion that the twisted ankle was proximately caused by the failure to honor a restriction issued for his hip replacement.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_/s/ Donald C. Nugent 5/14/09_
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: _____

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.